In the Matter of the Application of MARWILL LIQUOR STORE, INC., Petitioner, for a Certiorari Order against STATE LIQUOR AUTHORITY and ONEIDA COUNTY ALCOHOLIC BEVERAGE CONTROL BOARD, Respondents.

Supreme Court, Albany County, May 17, 1935.

*Louis E. Krohn*, for the petitioner.

*Nelson Ruttenberg*, for the respondents.

SCHENCK, J. The respondent State Liquor Authority moves to vacate an *ex parte* order of certiorari made and entered March 23, 1935, on the ground that it appears from the papers upon which such order was granted that the petitioner is not entitled to the order of certiorari pursuant to the provisions of section 121 of the Alcoholic Beverage Control Law.

This petitioner heretofore filed an application with the Oneida county alcoholic beverage control board for a retail liquor store license for premises located in the city of Utica. Such application

was disapproved by the Oneida county board on the ground that the granting thereof was not necessary to the public advantage and convenience. Thereafter such application was forwarded to the State Liquor Authority, which recommended against the issuance of such license. This petitioner applied to the State Liquor Authority for a review of the action of the Oneida board and a hearing was granted at which petitioner appeared by counsel and considerable testimony was taken. On March 5, 1935, the State Liquor Authority concurred in the action of the Oneida county board in disapproving the application and thereafter, on March 23, 1935, an *ex parte* order of certiorari was issued by this court to review the refusal of the State Liquor Authority to issue said license.

An order of certiorari may be issued pursuant to the provisions of section 1284 of the Civil Practice Act (1) where the right to certiorari is conferred by statute, (2) where the order of certiorari may be issued at common law and has not been expressly taken away by statute.

Section 121 of the Alcoholic Beverage Control Law provides what actions taken by the Liquor Authority shall be subject to review. The law does not confer any right in this case to maintain certiorari proceedings and if such right exists it must be by virtue of subdivision 2 of section 1284 of the Civil Practice Act, which provides that order of certiorari may be issued " Where a writ of certiorari might be issued at common law, by a court of general jurisdiction, and the right to a certiorari, or the power of the court to grant the same, is not expressly taken away by statute."

Any right which petitioner may have had at common law has been taken away by the express provisions of the Alcoholic Beverage Control Law. (*Matter of Bakeman* v. *Mulrooney*, 243 App. Div. 650.) Section 54 of the law provides an orderly procedure in the case of the disapproval of an application for a license. That section provides that where the local board disapproves the application, the same shall be forwarded to the Liquor Authority with a statement of reasons for such disapproval and the applicant may thereafter apply to the Authority for a review of the action of the local board. It provides for a hearing, and after such hearing, the Authority may concur in the action of the local board and disapprove the application, or may approve the application and issue the license.

In this case the petitioner's application was disapproved by the local board for the reasons stated and thereafter a hearing was held and the State Liquor Authority concurred in the disapproval. The reason for the disapproval, in substance, was to the

effect that there were too many licensed liquor stores within the city of Utica. The declared policy of the Legislature, as contained in the Alcoholic Beverage Control Law, is to regulate and control the manufacture, sale and distribution of alcoholic beverages for the purpose of fostering temperance and the Liquor Authority has been empowered to determine whether public convenience and advantage will be promoted by the issuance of a license. The statute provides that the determination of the Liquor Authority in such respect is "subject only to the right of judicial review hereinafter provided for." (Alcoholic Bev. Control Law, § 2.) Section 121 of this statute limits the particular cases in which certiorari proceedings may be maintained where the action of the Authority is sought to be reviewed, and petitioner does not come within the provisions of any of the five classifications contained in such section. It does provide that there may be a review by certiorari upon "refusal by the liquor authority to issue a license or a permit recommended by a local board." Here the local board disapproved the application for a license and after hearing the State Liquor Authority concurred in such disapproval. The statute grants to the applicant for a license a review by the Authority and where the Authority concurs with the disapproval of the local board, such decision is final and conclusive and may not be reviewed further by certiorari proceedings under the broad discretionary powers with regard to the granting of licenses as set forth in section 2 of the Alcoholic Beverage Control Law. (*Matter of Bakeman* v. *Mulrooney, supra.*) In that case the county board disapproved an application for a beer license. The State Liquor Authority after a hearing sustained the action and the Appellate Division unanimously dismissed the certiorari proceedings, with costs.

Order may be granted vacating the order of certiorari herein, with ten dollars costs of motion.